IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ANTHONY DEWAYNE WALKER
ADC #107683                                                                                    PLAINTIFF

v.                          No. 2:20-cv-126-DPM-JTK

JOHN A. MUNN, Lieutenant, EARU;
DARLENE THORSON, Doctor, Mental
Health Counselor, EARU;  ALICIA
WILLIAMS, Sergeant, EARU;  and JEREMY
ANDREWS, Assistant Deputy Warden,
Cummins Unit                                                                                  DEFENDANTS

ORDER

On *de novo* review, the Court partly adopts and partly declines the partial recommendation, Doc. 4, and partly sustains Walker's objections, Doc. 6.  FED. R. CIV. P. 72(b)(3).

The Court declines the recommendation on Walker's claim against Dr. Thorson.  The Court must construe Walker's complaint liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  And "materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint."  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  Here, the grievances Walker attached to his complaint flesh out his claim.  He alleges that he was experiencing serious mental health issues;  that Dr. Thorson knew about those issues because Walker had written several requests and grievances;  that Dr. Thorson

would not help Walker; and that Dr. Thorson had seen him only once, many months before. *Doc. 2 at 7 & 17*. On a more developed record, this may prove to be a mere disagreement about treatment decisions. But Walker has not pleaded himself out of court at the threshold. Taking Walker's allegations as true, he's pleaded a plausible deliberate-indifference claim against Dr. Thorson.

The Court adopts the partial recommendation, as supplemented, as to Defendant Andrews. On Walker's failure-to-train and failure-to-supervise claims, he hasn't alleged that Andrews "had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). On his corrective-inaction claim, Walker hasn't pleaded facts plausibly showing that Andrews's failure to act amounted to deliberate indifference or tacit authorization. *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990). And Walker's claim that Andrews "created a policy or custom allowing or encouraging the illegal act" is too conclusory to state a plausible claim. *Doc. 2 at 7*. Walker's claims against Andrews are therefore dismissed without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 June 2020