# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ANTHONY DEWAYNE WALKER,  PLAINTIFF
ADC #107683

v.  2:20CV00126-DPM-JTK

JOHN A. MUNN, et al.  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.Why the record made before the Magistrate Judge is inadequate.

2.Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Anthony Dewayne Walker ("Plaintiff") was incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC") at the time he filed this lawsuit; he has since been released. (Doc. Nos. 2, 78). Plaintiff sued EARU Lieutenant John Munn, among other individuals, alleging violations of his constitutional rights. Only Plaintiff's excessive force claims against Defendant Munn remain pending.[1]

Defendant Munn now has filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the merits of Plaintiff's claims. (Doc. Nos. 89-91). Because Plaintiff had not responded, on November 2, 2021 the Court directed Plaintiff to file a response within 15 days. (Doc. No. 93). The Order cautioned Plaintiff that if he did not file a response, all of the facts set forth in Defendant Munn's summary judgment papers could be deemed admitted, among other possible consequences. (Id. at 1-2.) Plaintiff still has not filed a response, and the time for

---

[1] Plaintiff's claims against Darline Thurson, Alicia Williams, and Jeremy Andrews already have been dismissed. (Doc. Nos. 4, 7 42, 47).

2

doing so has passed. After careful consideration, and for the reasons set out below, the Court recommends Defendant Munn's Motion be granted.

## II. Plaintiff's Complaint

Plaintiff sued Defendant Munn in his personal and official capacities. (Doc. No. 2 at 1-2). (Id.). According to Plaintiff, on April 16, 2019, Plaintiff was behind bars "in isolation 1 day room locked behind bars" when Defendant Munn sprayed Plaintiff on the body and face several times with "M-K-3 or pepper spray mace." (Id. at 4). Plaintiff says he and Defendant Munn were about two-to-three feet apart from one another when Plaintiff was sprayed. (Id.). Plaintiff also maintains Defendant Munn had no reason to spray him and gave no warning before doing so, in violation of prison policy and Plaintiff's constitutional rights. (Id. at 4-5, 9-10). Plaintiff seeks damages and injunctive relief. (Id. at 11).

## III. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

IV. Facts and Analysis

Plaintiff made an excessive force claim against Defendant Munn in his personal and official capacities.

A. Official Capacity Claims

Plaintiff sued Defendant Munn in his official and personal capacities. Plaintiff's § 1983 damages claims against Defendant Munn in his official capacity are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

B. Personal Capacity Claims—Excessive Force

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017). The core judicial inquiry in an excessive force claim is whether the force was used in a "good faith effort to maintain or restore discipline, or was instead used maliciously and sadistically to cause harm." Flemons v. Devane, 779 Fed. Appx. 423, 425 (8th Cir. 2019) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 36-39 (2010)). In making this

4

inquiry, courts consider: "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted . . . ."  Jackson, 866 F.3d at 974.  Pain inflicted during a prison security measure is not cruel and unusual punishment only because in hindsight the degree of force used for security purposes was unreasonable.  Ward v. Smith, 844 F.3d 717, 721 (8th Cir. 2016) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Rather, guards will liable only "if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.'" Id. (internal citation omitted).  "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in the light of the particular circumstances."  Story v. Norwood, 659 F.3d 680, 686 (8th Cir. 2011) (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)).

As an initial matter, Plaintiff has not responded to Defendant Munn's Motion for Summary Judgment.  "All material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).  Because Plaintiff has filed no response, all facts set out in Defendant Munn's Statement of Facts (Doc. No. 90) are deemed admitted.  The relevant facts follow.

On April 16, 2019, Defendant Munn was called to the dayroom area of Isolation 1 when Plaintiff would not leave the area after he had been assigned to a cell.  (Doc. No. 90 at ¶¶ 16-19). To Defendant Munn's understanding, Plaintiff had refused another officer's request for Plaintiff to submit to restraints so Plaintiff could be escorted to his cell.  (Doc. No. 90 at ¶ 20; Doc. No. 89-6 at ¶ 7).  It was also Defendant Munn's understanding that Plaintiff's property had been

placed in the dayroom cell with Plaintiff, and the other officer was attempting to retrieve Plaintiff's property so it could be properly inventoried. (Doc. No. 90 at ¶ 20; Doc. No. 89-6 at ¶ 7).

When Defendant Munn arrived at the Isolation 1 dayroom, he directed Plaintiff to submit to restraints. (Doc. No. 90 at ¶ 21; Doc. No. 89-6 at ¶8; Doc. No. 89-7 at ¶ 11). Plaintiff refused and became argumentative about his property being confiscated for inventory. (Doc. No. 90 at ¶ 23; Doc. No. 89-6 at ¶ 8; Doc. No. 89-7 at ¶ 12). Plaintiff testified at his deposition that he was arguing about his property. (Doc. No. 89-1 at 28:18-29:4).

Defendant Munn tried to deescalate the situation, telling Plaintiff again to submit to restraints or OC spray would be used against him. (Doc. No. 90 at ¶ 25; Doc. No. 89-6 at ¶¶ 9-10; Doc. No. 89-7 at ¶¶ 13-15). In response, Plaintiff said he was not afraid of being sprayed. (Doc. No. 90 at ¶ 26; Doc. No. 89-7 at ¶ 15). Defendant Munn assured Plaintiff the OC spray would not be used in Plaintiff calmed down and submitted to restraints so Plaintiff could be taken to his cell, but Plaintiff continued to argue about his property. (Doc. No. 90 at ¶ 27; Doc. No. 89-7 at ¶¶ 16-17). After Plaintiff refused to comply, and after Defendant Munn warned Plaintiff that spray would be sued, Defendant Munn administered one burst of OC spray that lasted one to three seconds. (Doc. No. 90 at ¶ 29; Doc. No. 89-6 at ¶ 12).

When Defendant Munn sprayed Plaintiff, Plaintiff was holding his uniform jacket up as a shield; the spray hit only Plaintiff's jacket. (Doc. No. 90 at ¶ 31; Doc. No. 89-6 at ¶ 13; Doc. No. 89-7 at ¶ 19). After the spray started to affect Plaintiff, he was taken to the shower where he was allowed to decontaminate for 20-30 minutes. (Doc. No. 90 at ¶¶ 32-33; Doc. No. 89-1 at 34:18-35:16; Doc. No. 89-6 at ¶ 14; Doc. No. 89-7 at ¶ 20). Plaintiff acknowledges that no other force was used against him. (Doc. No. 90 at ¶ 42; Doc. No. 89-1 at 34:9-17). Defendant Munn maintains his use of force against Plaintiff was not designed to harm Plaintiff, but was a good faith

effort to remove Plaintiff from the Isolation 1 dayroom. (Doc. No. 90 at ¶ 40; Doc. No. 89-6 at ¶ 21).

In support of his Motion, Defendant Munn provided the declaration of Ashley Gay. (Doc. No. 89-7). Ms. Gay was assigned to the Isolation 1 control booth at the time of the incident in questions. (Id. at ¶ 5). The control booth is about two-to-three feet from the dayroom cell. (Id. at ¶ 6). From inside the control booth, a person is able to communicate with others outside the control booth and in the day room. (Id.). Ms. Gay's description of the incident is consistent with that of Defendant Munn's. (Id. at ¶¶ 10-20).

Plaintiff has not controverted any of the material facts offered by Defendant Munn. Where, as here, Defendant Munn has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendant Munn's favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). There is no factual dispute as to whether Defendant Munn acted maliciously and sadistically when he sprayed Plaintiff. Under these circumstances, I find no constitutional violation occurred. Accordingly, Defendant Smart's Motion should be granted.

V.  **Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Munn's Motion for Summary Judgment (Doc. No. 89) be GRANTED;

2. Plaintiff's claims against Defendant Munn be DISMISSED with prejudice.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

IT IS SO RECOMMENDED this 17th day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE